UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE, Division

CASE No.: 3:19-cv-00642-BJD-MCR

ROBERT ABBOTT,
   Plaintiff,

v.

CORIZON, LLC,
   Defendant.

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S REVISED AND UNTIMELY MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff Robert ABBOTT, in the above styled civil action and offers declaration in opposition to defendant's revised and untimely motion for summary judgment. In support, the Movant avers the following facts:

1

## MOTION FOR SUMMARY JUDGMENT SHOULD BE STRICKEN FROM RECORD

1. In its order of 10th of September, 2020, the Court advised " Defendant did not carry its burden to demonstrate Plaintiff failed to properly exhaust his Administrative Remedies."

Additionally, the Court pointed out " Corizon includes no analysis in support of its conclusory assertion; rather, Corizon sets forth pages of law (some of which is inapplicable here) and then implicitly suggests Plaintiff fails to meet the minimal pleading standard." [1]

The Court exercise prerogative to order Corizon to demonstrate with documentation that Plaintiff

---

1. See: Document 32 Filed 09/10/20. Pages 8 and 9.

did not exhaust his administrative remedies."[2]

The Court emphasized Corizon only had twenty days from the date of order to respond. The expiration of the time order for its filing was September 30th 2020. Without adequate excuse or leave of the Court, opposing counsel waited until February 16th, 2021 to file second Motion for Summary Judgment with accompanying documents. In other words, Corizon's filing was about 110 calendar days untimely. The Court possess complete discretion to disallow the untimely filing of second Motion for Summary Judgment and accompanying documents. Therefore, the movant prays this Honorable Court that said documents be stricken from the record, and that Court not consider such documents in ruling on Motion.

---

[2] Document 32 Filed 09/10/20 Page 11.

2. Succinctly stated, where defendant filed two motions for summary judgment, opposing counsel sidestepped the limit of a single memorandum with a length of 20 pages. Striking second motion and accompanying documents would serve justice and appropriate sanction for 3.01 violation.[3]

3. In its order of the 7th day of October, 2020 the Court encouraged parties to discuss the possibility of settlement and notify the Court if their efforts were successful.[4] Opposing counsel could have arranged the use of a telephonic meeting for settlement discussions. Plaintiff would be reasonable in resolution of case if reasonably compensated. Corizon has failed to follow the Court's suggestion for about 130 calendar days. Based upon information and belief, the Plaintiff contends that Motion for Summary Judgment does not comply with Civil Procedure Rules

---

3. See generally, Walburn v. City of Naples, __ So. 2d. __, 2005 U.S. Dist. Lexis 37805 (M.D. Fla. 2005), affirmed by 199 Fed Appx. 533 (11th Cir. Fla. October 12, 2006).

4. See Document 41 Filed 10/7/20.

4

to file a "301(g) certificate which indicated that opposing counsel attempted to resolve the dispute before filing for summary judgment. This appears to be a valid basis to strick/deny motion. See generally, State v. Gwinn, 2003 U.S. Dist. LEXIS 8533 (M.D. Fla. 2003).

In regard to affidavit of Ashley Stokes. Said affidavit is hardly incontrovertible evidence plaintiff failed to file necessary appeal to Secretary's office in a timely fashion on or about October 16, 2015 per 33-103.007(1).

Plaintiff gave mail officer at Union Correctional Institution his appeal to the Secretary's office on or about October 16, 2015. It may be the appeal was "inadvertently" lost or intentionally destroyed by low level mail officer. The Court may be aware that prison officers have been known to block appeals to Secretary's office for self-serving purposes. It is possible that appeal was misfiled in the Secretary's office. Honest mistakes can happen when officials

receive thousands of appeals monthly. The plaintiff filed copies of appeal and a description of facts in a sworn affidavit. Admistrative Code 33-103-012(2) requires that a log be made of each appeal/grievance and retained for several years. Plaintiff's request for copy of mail log for appropriate date has been ignored for years. The Court has power under Rule 56(F) to "issue any just order." The Court could order mail officer at Union Correctional Institution to furnish parties a copy of log pages for the week of October 16, 2015. Plaintiff suffered harassment at Union for years. Officers took legal documents from him, placed him in solitary confinement and fed him empty trays on occasions. If there is a real concern about the legitimacy of exhaustion of administrative remedies, this could conceivably become a question for a civil jury. A rational trier of fact could find for the non-moving party.

6

## PLAINTIFF IS UNABLE TO INCLUDE MEMORANDUM OF LAW

Prisoner sent Morgan and Morgan of Jacksonville, Florida his entire records of case with a request for representation on a contingency basis. Firm declined representation but has retained all his documents for several months.

Due to the Covid-19 epidemic, access to the law library is restricted to only prisoners with a Court-ordered deadline.

Conversely, Plaintiff cannot locate cases cited by Defendant in the prison law library, and thus cannot fully respond to adversary's motion for Summary Judgment. Movant asks this Court to relie on the description of the facts and law cited in previous filings.

## CLARIFICATION OF CERTAIN MEDIAL ISSUES

As an initial matter Plaintiff would say the Defendant provides this Court inaccurate information about a material fact at issue. The record is clear physician on site only provided ace bandage and sling, not a cast on broken waist. See page 2 of motion.

Doctor Steel's order sheet reflects request for cardiac clearance for surgery on October 7, 2015. The cardiologist's providing cardiac clearance reflects a date of January 30, 2016. For unknown reasons, Corizon delayed surgery for another (approximate) 30 days even though site doctor urged immediate surgery. A common consequence

of such delays allowed the shortening of the ligaments. The original injury was exacerbated by a severe shortening of the radial collateral ligament by the unnecessary delay of necessary surgery.[5]

Furthermore, X-rays revealed "complex unstable fractures of the proximal radius with tear of the radial collateral ligament."[6]

Doctor Daniel Cherry was the Regional Medical Director in charge. As a licensed physician, Cherry was fully conversant with the common consequences of delays in adequate treatment for injury. In fact, the staff of Corizon knew of or reasonably should have known, of a subtantial risk of serious harm and failed

---

5. See: Operative Report I.D. page 260 dated 3-1-16.

6. See; Pag I.D. 244.

9

to respond reasonably. The unnecessary delay shows "deliberate indifference." Doctor Steel indicated the long delay could adversely affect recovery of wrist mobility and, in all probability, would require future medical services.

The unvarnished truth is Corizon is a less than stellar profit-driven corporation that is considered the pariah of the health care industry.

Plaintiff is not adverse to a pretrial settlement. Opposing counsel may arrange a telephonic settlement conference to avoid the inconvenience and expense of travel. After 30 days plaintiff will motion the Court to set this case for trial and appoint counsel for him.

Based upon the foregoing facts, the plaintiff prays this Honorable Court to issue order denying Motion for Summary Judgment and set a trial date if necessary.

I have read the foregoing motion. I certify under the penalty of perjury that all statements are true and correct. If settlement is offered by Corizon, I will consider it fairly.

Executed at Mayo Correctional Institution Annex on the 2d day of March, 2021.

Robert Abbott 945864
Mayo Correctional Institution Annex
8784 U.S. Highway 27 West
Mayo, Florida. 32066

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2d day of March, 2021 I mailed a photo copy of the foregoing document via U.S. First Class Mail to:

The Toomey Law Firm LLC
The Old Robb and Stucky Building
1625 Hendry Street Suite 203
Fort Myers, Florida 33901

by: Robert Abbott

12